IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                   CIV 10-0190 JEC/CG
                                                                      CR  07-2052 JEC

MICHAEL ANTHONY McGAUGHY,

    Defendant-Movant.

## INITIAL PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

    Defendant Michael McGaughy is serving a forty-six month sentence for possession with intent to distribute 925 pounds of marijuana and incarcerated in Lompoc, California. *E.g., Doc. 1* at 2. Defendant and his attorneys signed a written plea agreement where Defendant was designated as a "minimal participant" who "accept[ed] responsibility." *Id.* at 12, 16. Under the terms of the agreement, Defendant agreed to be bound by his plea regardless of the sentence imposed and he also acknowledged that the sentence was in the sole discretion of the Court. *Id.* at 13. The agreement, however, did recite that he may be "eligible for the 'safety valve' provisions" and that the "court may choose to deviate from the advisory guideline sentence." *Id.* at 9, 13. He also warranted that, other than what appeared in the written agreement, there

were no "other promises" that induced him to plead guilty, and that there "have been no representations or promises from anyone as to what sentence the Court will impose." *Id.* a 14-15.  The plea agreement concludes with the statement that the document "is a complete statement of the agreement . . . and may not be altered unless done so in writing and signed by all parties." *Id.* at 15.

This matter is before the Court on Defendant 's motion seeking habeas relief under 28 U.S.C. § 2255 and the United States' Answer. *See Docs. 1, 9.*[1]  Defendant is represented in this habeas matter by the same attorney who entered an appearance in the criminal matter two months after Defendant was sentenced.  *See United States v. McGaughy*, CR 07-252 (Docs. 114, 120).

The United States' response first asserts that the § 2255 petition is deficient under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings For The United States District Courts because it does not contain Defendant's signature.  *See Doc. 4* at 3.  This assertion is based on only part of the rule, and ignores the fact that Defendant is represented by counsel.  The applicable rule states that the petition "must . . . be signed under penalty of perjury by the movant **or by a person authorized to sign it for the movant."** *Id.* (emphasis added).  Counsel electronically filed the petition using the designations "s/ electronically filed" over the areas where his signature would normally appear.  *See Doc. 1* at 6.  This is entirely acceptable under the Court's local rules.  See

---

[1] Unless otherwise noted, citations to *"Doc."* are the documents filed in this civil action.  Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice both in this Court and the Tenth Circuit, I refer to the document as a "petition." *See e.g., United States v. Shipp*, 589 F.3d 1084, 1086 (10th Cir. 2009) ("appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition"); *United States v. Jose Garcia-Cardenas*, CIV 08-0382 LH/KBM (*Doc. 7* at 2) ("Defendant raises three claims in his § 2255 petition").

Rule 6(a), CM/ECF Administrative Procedures Manual ("An electronic signature for CM/ECF purposes does not mean a digital image of a person's signature. . . . When e-filing, the electronic signature constitutes the signature of the Participant for all purposes under the Federal Rules . . . The following is an example of the language that can be used for a signature block . . . Electronically Filed /s/").

The petition raises a single claim – ineffective assistance of counsel by trial counsel by failing to move for a downward departure. *See Doc. 1* at 3-4. The United States asserts that the claim should not be characterized as ineffective assistance of counsel and instead as a "Sentencing Guidelines issue." *Doc. 4* at 3. It further asserts that even if the petition raises a constitutional claim, no habeas relief or evidentiary hearing warranted because the claim is "conclusory," *id.* at 4; *see also id.* at 7, containing only "'legal' conclusions with no supporting factual allegations," *id.* at 4; *see also id.* at 6. It also appears to suggest that the claim is "palpably incredible," *see id.*, because presiding District Judge John Conway would not have granted it,. *See id.* at 7. I disagree.

Defendant's attorney frames the issue this way:

> Mr. McGaughy was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution due to trial counsel failure – despite promises to the contrary – to advance meritorious grounds for a lower sentence.

> The Government had informed defense counsel that it would not oppose a . . . downward [departure] from the sentencing guideline range based on Mr. McGaughy's offer to cooperate. Previously, the parties had discussed a downward departure under U.S. Sentencing Guidelines § 5K1.1. The offer of a 5K1.1 downward departure was offered and accepted. After the parties had concluded their agreement to a 5K1.1 downward departure motion in exchange for Mr. McGaughy's cooperation, but before substantial assistance was arranged and provided, the Government withdrew the offer.

> In recognition that Mr. McGaughy genuinely and sincerely offered to cooperate with the Government, the Government informed defense counsel that it would not oppose a . . . downward [departure] from the guidelines. The Government indicated that although it would be recommending the low end of the guideline range, it would not oppose a defense request for a downward [departure].
>
> Defense counsel failed to file any sentencing memorandum whatsoever. See Docket Sheet. In spite of the Government's agreement not to oppose a downward [departure], defense counsel never filed a motion or memorandum setting out the factual and legal basis for a downward [departure] from the guidelines.
>
> Mr. McGaughy was denied the effective assistance of counsel at sentencing. Effective counsel would have followed through and filed a sentencing memorandum requesting a downward [departure]. In this case, where there was agreement that Mr. McGaughy had offered substantial assistance to the Government, and there was no opposition from the Government to a downward [departure] from the guideline range, there was no rational basis for failing to file a sentencing memorandum. Nothing could be gained by failing to file such a motion. Nothing could be lost by filing such a motion in this case. Counsel's failure to ask for a variance in a sentencing memorandum is without justification.
>
> The attorney's failure to file a sentencing memorandum asking for a downward [departure] was deficient performance, satisfying the first prong of the *Strickland* test for ineffective assistance of counsel claims. If trial counsel had pursued this basis for a reduction in the sentence, there is a reasonable probability that Mr. McGaughy's sentence would have been below the guideline range. Consequently, both *Strickland* prongs are easily met in this case.

*Doc. 1* at 3-4.

The core of the claim centers on alleged U.S. Attorney and defense counsel promises made that are not reflected in the written plea agreement. Counsel sets for the relevant details from the defense perspective and they are far from conclusory, though other facts are likely to be material to the resolution of the issue. For example, the present record indicates that the plea was taped but not transcribed, and neither party refers to the contents of the colloquy. The sentence hearing was taken down by a

court reporter but has not been transcribed or filed, and the clerk's minutes do not mention details of the discussion among the Court, counsel, and Defendant. Furthermore, neither party has adequately briefed whether the circumstances as alleged, or as occurred, constitute ineffective assistance of counsel and, if so, whether habeas relief would even be warranted. As such, the present record does not conclusively establish that the claim is without merit. Under habeas rules 5 through 8, this Court may order that transcripts be furnished, discovery be undertaken, and the record be expanded with items such as affidavits, prior to deciding whether an evidentiary hearing is necessary.

Having reviewed the petition and response, I cannot conclude that the action is subject to dismissal at this juncture and believe that an expansion of the record is warranted.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the record be expanded following a telephonic conference with counsel to discuss what additional materials will be submitted and the dates for a briefing schedule.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE