**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                    **Case No. 07-CR-2052 JC**

**MICHAEL ANTHONY McGAUGHY, SR.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Michael McGaughy's Sealed Motion to Correct Sentence* (Doc. 153), filed November 3, 2010 ("Motion").  Having reviewed the parties' submissions and being otherwise fully informed, the Court finds the Motion is not well-taken and will be DENIED.

**I.      BACKGROUND**

Defendant Michael McGaughy was initially prosecuted pursuant to a Criminal Complaint filed October 2, 2007 for "knowingly and intentionally possess[ing] with intent to distribute 100 kilograms or more of marijuana" and for "aiding and abetting."  *Complt.* (Doc. 1) at 1.  These charges were based on the affidavit of DEA Special Agent Jarrell W. Perry and related to a Gallup port-of-entry stop conducted on a tractor-trailer operated by Defendant McGaughy which was found to contain 18 bundles, or 925 gross pounds of marijuana.  *Id.* at 2.  Together with his passenger, his brother, Charles McGaughy, Defendant was indicted on two counts: (1) conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, and (2) possession with intent to distribute more than 100 kilograms of marijuana.  *Redacted Indictment* (Doc. 20) at 1-2.  Defendant was represented in the ensuing proceedings by Barry S. Turner of

New York, and Jason Bowles and B.J. Crow of Albuquerque.

On December 14, 2007, Defendant filed a *Motion to Suppress Evidence and Memorandum in Support Thereof*, arguing that the initial inspection of the tractor-trailer he was driving went beyond a legally permissible safety inspection in violation of his constitutional rights. *See generally Motion to Suppress* (Doc. 50). On April 24, 2008, the Court heard evidence relating to Defendant's Motion to Suppress, and, on April 28, 2008, the Court entered its Order denying same. *Order* (Doc. 68).

Defendant filed a motion seeking to continue trial of this matter, indicating for the first time that plea negotiations were underway, on July 1, 2008. *See generally Unopposed Motion to Continue Trial Set for July 14, 2008* (Doc. 81). Ultimately, on October 14, 2008, Defendant pled guilty to an Information charging him with "possess[ion] with intent to distribute an amount of marijuana." *See Clerk's Minutes* (Doc. 105); *Information* (Doc. 106). This Court sentenced Defendant to 46 months plus three years of supervised release on February 18, 2009. *Clerk's Minutes* (Doc. 113).

On April 17, 2009, about two months after sentencing, Defendant filed documents substituting Attorney Scott Davidson as his counsel. *Notice of Attorney Substitution* (Doc. 120). On March 1, 2010, Defendant, through Attorney Davidson, filed his *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 126) ("First § 2255 Motion"), asserting that his prior counsel had failed, "despite promises to the contrary," to file a sentencing memorandum arguing for a lesser sentence pursuant to the Government's invitation and notification that it would not oppose a sentence below guideline range. First § 2255 Motion at 3-4. After a telephonic status conference with the Court, the Government indicated it would agree that Defendant's initial sentence should be vacated and that

Defendant's new attorney should be permitted an opportunity to file a sentencing memorandum prior to re-sentencing. *Order Vacating Sentence* (Doc. 135), filed June 21, 2010.

Defendant's re-sentencing took place on October 20, 2010, after Defendant's attorney filed a *Sealed Sentencing Memorandum* (Doc. 142) on September 27, 2010. *Clerk's Minutes* (Doc. 151), filed October 20, 2010. The Court made the following findings on the record after hearing oral arguments from counsel:

> I have reviewed defendant's sentencing memorandum in which he requests a split 24-month sentence based upon, one, his offer to cooperate with the government; two, the fact that he is a religious leader in his church community; three, he played a minimal role in the drug-trafficking scheme; and four, that the weight-driven guideline range does not accurately reflect his specific conduct or culpability.
>
> I reject defendant's argument that his being a spiritual leader in his community provides fertile ground for a departure in this case. In fact, I find it particularly disturbing that an individual who has placed himself in a position of trust, garnering the faith and support of other members of the religious group, who look to him for moral guidance, would involve himself in drug trafficking.
>
> Further, this defendant has already received a four-level reduction in his base offense level for being a minimal participant, which adequately accounts for his role in the offense, and he also received a three-level reduction for acceptance of responsibility. Furthermore, the PSR, which I have adopted, significantly reduces the defendant's criminal history score, having found that his misdemeanor convictions were over-represented. Finally, I note that the plea agreement itself does not provide for any cooperation, and I find that the defendant offered to cooperate, but did not in fact cooperate.
>
> In summary, taking all relevant things into consideration, I find the sentence I impose in this matter will be sufficient but not greater than necessary to meet all of the goals of sentencing.

*Sealed Transcript from Resentencing* (Doc. 152) at 10:9-11:15. Based on these findings, the Court sentenced Defendant to 46 months in prison followed by three years of supervised release—the identical sentence the Court had originally imposed in February 2009. *Id.* at 11-12.

On November 3, 2010, Defendant filed the instant motion, requesting that the Court "correct" his sentence on the grounds that his sentence "was based on false material information provided by the Government" and that it does not reflect his attempts to cooperate. *Motion* at 1. The Motion is purportedly brought pursuant to Fed.R.Crim.P. 35(a), "or in the alternative, pursuant to 28 U.S.C. § 2255." *Id.*

## II.    LEGAL STANDARD

Rule 35(a) permits the Court to "correct a sentence that resulted from arithmetical, technical or other clear error."  The Tenth Circuit has found such "clear error" under Rule 35(a), for example, where the district court failed to include specific reasons for a variance in its written order of judgment and commitment.  *See, e.g., United States v. Mendoza*, 543 F.3d 1186, 1195 (10th Cir. 2008).

Under Section 2255, a prisoner may challenge a sentence imposed in federal court on the grounds that the sentence imposed was unconstitutional, contrary to federal law, or that the sentencing court lacked jurisdiction, that the sentence was in excess of the maximum authorized by law, or that the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Such a motion is "not available to test the legality of a matter which should have been raised on direct appeal," however.  *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).  "Where the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes "cause" for the waiver and shows "actual prejudice resulting from the alleged ... violation."  *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct 2291, 129 L.Ed.2d 227 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)). Alternatively, Defendant may obtain habeas review if he can demonstrate that he is factually

4

innocent.  *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998) (internal citations omitted).

## III.    DISCUSSION

### A.    Rule 35(a) Does Not Apply.

Initially, the Court is empowered to correct a sentence under Rule 35(a) only "within 14 days after sentencing."  Fed.R.Civ.P. 35(a).  Defendant in the present case was re-sentenced after his the First § 2255 Motion on October 20, 2010.  *Sealed Transcript from Resentencing* (Doc. 152) at 1.  The instant Motion was filed on November 3, 2010—exactly 14 days after sentencing. *See generally Motion*.  The Motion is therefore timely.

Given that Defendant does not argue the existence of any arithmetical or technical error, the only consideration in this case is whether "clear error" exists.  In the Court's view, the present case, as argued by Defendant, does not present the sort of "clear error" designed to be addressed by Rule 35(a).  In *United States v. Green*, the Tenth Circuit traced the origins of Rule 35(a) and specifically noted that "[t]he authority to correct a sentence under this subdivision [wa]s intended to be very narrow and to extend only to those cases in which an obvious error or mistake ha[d] occurred...."  405 F.3d at 1185.  Defendant in the present case has requested an evidentiary hearing and endeavors to prove that the Government misrepresented facts or made misleading suggestions relevant to sentencing.  *See generally Motion*.  Such matters are not "clear error," and Rule 35(a) is not the proper mechanism to address them.

### B.    Section 2255 Does Not Provide the Requested Relief.

In the present case, Defendant filed his First § 2255 Motion on March 1, 2010.  *First § 2255 Motion* (Doc. 126).  Although the Court did not formally grant Defendant's First § 2255 Motion, it ordered, as a result of the First § 2255 Motion and the Government's agreement that a

re-sentencing would be appropriate, that Defendant's sentence be vacated, that Defendant's attorney be permitted to file a sentencing memorandum, including a request for variance from the applicable sentencing guidelines, and that Defendant be re-sentenced. *Order Vacating Sentence* (Doc. 135) at 2-3. At re-sentencing, the Court ultimately sentenced Defendant to the same 46-month term in prison that Defendant received at the initial sentencing, and a new judgment to that effect was entered. *Sealed Transcript* (Doc. 152); *Clerk's Minutes* (Doc. 151); and *Judgment* (Doc. 150), entered October 20, 2010.

Defendant's Motion purports to challenge only the 46-month sentence imposed, in that it was allegedly "based on false material information." *Motion* (Doc. 153) at 1. The Motion does not purport to challenge Defendant's guilty plea. *See generally id.*

### 1. Defendant's Motion is Not a "Second or Successive" Motion Under 28 U.S.C. § 2255(h).

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). While the instant Motion is, without doubt, the second motion Defendant has filed pursuant to § 2255, it is not clear without further analysis whether it is also a "second or successive motion" for which Defendant would require Tenth Circuit approval pursuant to 28 U.S.C. § 2255(h).

The United States Supreme Court considered this precise question under a statute very similar to § 2255 in *Magwood v. Patterson*, ___ U.S. ___, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). 28 U.S.C. § 2254 permits a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." As such, § 2254 sets forth the habeas corpus procedure for challenging a state-court judgment whereas § 2255 provides the habeas procedure for challenging a sentence issued by a federal court.

*Compare* 28 U.S.C. § 2254(a) *with* 28 U.S.C. § 2255(a). *See also Magwood*, 130 S.Ct. at 2797 ("The requirement of custody pursuant to a state-court judgment distinguishes § 2254 from other statutory provisions authorizing relief from constitutional violations-such as § 2255, which allows challenges to the judgments of federal courts").

The prisoner in *Magwood* had been sentenced to death in Alabama state court. 130 S.Ct. at 2791. He successfully challenged his sentence via § 2254 on the grounds that the trial court had improperly failed to consider his mental state as a mitigating factor. *Id.* at 2793. As a result, Magwood was re-sentenced, with the trial court again imposing the death penalty. *Id.* Magwood next filed a habeas petition in federal court pursuant to § 2254 challenging his re-sentencing on the grounds that he did not have fair warning at the time of his offense that his conduct could warrant a death sentence under Alabama law. *Id.* at 2794. The defendant in *Magwood* also alleged ineffective assistance of counsel. After considering the question whether Magwood's second habeas application was "second and successive," the Supreme Court held that "[b]ecause Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." *Id.* at 2792.

The Court finds that the analysis adopted by the Supreme Court in *Magwood* as to § 2254 applies equally to habeas applications under § 2255. Defendant's First § 2255 Motion in the present case challenged the sentence issued February 18, 2009 and the judgment entered the same day. The present Motion challenges Defendant's new sentence and judgment, issued and entered on October 20, 2010. Therefore, the instant Motion is not a "second or successive" § 2255 motion that must be certified by the Tenth Circuit. 28 U.S.C. § 2255(h).

### 2. Defendant's Motion is Nonetheless Barred.

"[T]he writ of habeas corpus will not be allowed to do service for an appeal." *Reed v.*

7

*Farley*, 512 U.S. 339, 354, 114 S.Ct 2291, 129 L.Ed.2d 227 (1994) (internal quotation omitted). "A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982))

Defendant in the present case did not preserve or pursue his objections to the Government's alleged misleading statements on appeal.  At the sentencing hearing, the Government made reference to "a contested suppression issue" and noted "we litigated that because the defendant didn't want to do anything other at that point.  He wanted to litigate." *Sealed Transcript* (Doc. 152) at 7:22-25.  Although these are essentially the same statements about which Defendant now complains, Defendant's attorney made no objections on the record to the Government's statements.  This constitutes waiver.  Finding no evidence of cause or actual prejudice, and given there is no argument or evidence as to Defendant's factual innocence, the Court finds Defendant's arguments are procedurally barred.

### 3.      Defendant Cannot Prevail on the Merits of His Motion.

The substance of Defendant's Motion should be examined in spite of the procedural bar if the Court "can best serve the interests of judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice by ... ruling on the merits, even though the ... procedural bar would also apply." *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).

The Court recognizes that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void," and, further, "[a] conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (internal citations omitted).  These principles are not applicable in the present case, however.  Defendant has not argued that the Government's alleged conduct

8

induced him to plead guilty.  Defendant argues solely that, but for the Government's alleged

misconduct, his sentence should have been shorter than 46 months.  *Motion* at 5 ("In *sentencing*

Mr. McGaughy to 46 months, in spite of Mr. McGaughy's attempt to cooperate, this Court relied

on the Government's false and misleading statements discussed above") (emphasis added).  He

relies not on authorities such as *Machibroda* pertaining to pleas that are allegedly induced by

improper promises or threats, but instead upon cases like *United States v. Jones*, 640 F.2d 284,

286 (10th Cir. 1981) (pertaining to Defendant's "due process right to be sentenced only on

information that is accurate").  *Motion* at 7.

Certainly, Defendant has a right to be sentenced only upon accurate information.  But the

Court finds that the arguments presented in the pending Motion fail to advance any inaccuracies

in sentencing.  Defendant contends the Government made three "misleading suggestions" prior

to his October 2010 sentencing: (1) that it had never offered a 5K1.1 downward departure (or

any other deal) in exchange for Defendant's cooperation; (2) that Defendant somehow failed to

cooperate or that he changed his mind about cooperating; and (3) that Defendant chose to pursue

a suppression motion instead of cooperating.  *Motion* at 2.  The Court finds no merit in any of

Defendant's contentions.

With regard to the misrepresentation concerning Defendant's choice to pursue a

suppression issue instead of cooperating, Defendant claims the Government "provided a

misleading portrayal of the sequence of events, implying that Mr. McGaughy changed his mind

about cooperating and decided to pursue a different course of action."  *Motion* at 1.  Defendant's

claims are based on the following two sentences from the Government's Response to

Defendant's *Sealed Sentencing Memorandum* (Doc. 142): "McGaughy did not promptly attempt

to provide assistance.  He litigated a suppression motion, which this Court denied."  *Resp.* (Doc.

148) at 2.  These are true statements.  Defendant was first arrested on October 1, 2007, with the

initial Criminal Complaint filed October 2, 2007.  His Motion to Suppress was filed December

14, 2007.  The docket provides no hint that plea negotiations were in any way underway until

July 1, 2008, when Defendant filed a motion seeking to continue trial, in part because of ongoing

plea negotiations.  *See generally Unopposed Motion to Continue Trial Set for July 14, 2008*

(Doc. 81).  Even assuming that Defendant was interested in cooperating as early as July 1, 2008,

the record is clear that he "did not promptly attempt to provide assistance" in this case.  The

record is equally clear that Defendant litigated a suppression motion.  The Court finds no

misrepresentation and nothing misleading in the Government's characterization of Defendant's

suppression motion as it relates to his interest in cooperating.  In fact, the Court finds no

evidence that the Government "plac[ed] events out of order" or that it was misleading in its

portrayal of the sequence of events.  *See Motion* at 1, 2.

       The second alleged misleading suggestion by the Government concerns its alleged

suggestion Defendant was the party responsible for backing out of an agreement to cooperate.

*Motion* at 4.  The Court finds no evidence of any such suggestion by the Government.  As

Defendant himself argues, the Government stated as follows, "[v]ery clearly, this defendant did

not cooperate."  *Motion* at 5 (quoting *Response* (Doc. 148) at 2).  This is a true statement.  The

Court declines Defendant's invitation to read more into the statement than what it states—that

"this defendant did not cooperate."  In fact, the Court finds no basis for Defendant to allege that

in making this statement, the Government intended to convey some failure to meet expectations

that Defendant would cooperate or some waffling about cooperating on the part of the

Defendant.  The Government simply noted, correctly, that the Defendant did not cooperate.

       Finally, the Court finds no misrepresentations or misleading suggestions as to the

existence of a 5K1.1 offer by the Government.  In the Court's view, the Government stuck with the facts, namely, the fact that Defendant ultimately did not cooperate, without getting into the back-and-forth of the plea negotiations.  This is entirely proper.

In short, the Court finds no evidence in the record of any misrepresentations or misleading statements by the Government in this case.  Defendant's Motion has not brought forth any information that was not before the Court in October 2010.  For this reason, the Court would deny Defendant's Motion on the merits.

## IV.    CONCLUSION

Defendant has not presented evidence of any arithmetical, technical or other clear error in his sentencing; therefore, Fed.R.Crim.P. 35(a) does not apply.  Although Defendant's Motion is the second motion filed pursuant to 28 U.S.C. § 2255, it is not a "second or successive" motion that requires Tenth Circuit approval.  Defendant's Motion is, however, procedurally barred due to his failure to raise his arguments on appeal to the Tenth Circuit after re-sentencing. Considering Defendant's Motion on the merits nonetheless, the Court finds Defendant's arguments are unavailing.  *Michael McGaughy's Sealed Motion to Correct Sentence* (Doc. 153), filed November 3, 2010, is therefore DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

Rhonda P. Backinoff, AUSA
Albuquerque, NM

Attorneys for Defendant:

Scott Moran Davidson, Esq.
Albuquerque, NM

11